# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# WHEELING

**FREDERICK LEE PADGETT**,

    Petitioner,

v.

**UNITED STATES OF AMERICA,**

    Respondent.

**CRIMINAL ACTION NO.: 5:98-CR-11**
**CIVIL ACTION NO.: 5:16-CV-98**
**(STAMP)**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

Pending before the Court is Frederick Lee Padgett's ("Petitioner") Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255. Because Petitioner's claim is untimely, the undersigned recommends that Petitioner's motion be denied and dismissed with prejudice.

### II. FACTS & PROCEDURAL HISTORY

**A. Petitioner's Conviction and Sentence**

In 1998, Petitioner pleaded guilty to one count of distribution of cocaine, within 1,000 feet of a protected location, in violation of 21 U.S.C. §§ 841(a)(1) and 860. Plea Agreement, ECF No. 65.[1] At his sentencing hearing, this Court classified Petitioner as a career offender under United States Sentencing Guideline ("U.S.S.G." or "the Sentencing Guidelines") § 4B1.1 and sentenced him to 210 months of incarceration,

---

[1] All citations to ECF numbers in this report and recommendation refer to Criminal Action No.: 5:98-cr-11.

followed by 5 years of supervised release. Transcript of Sentencing Hearing, ECF No. 162 at 4:1–3, 6:25–7:11. Petitioner did not appeal his conviction.

### B. Petitioner's § 2255 Motion

On June 23, 2016, Petitioner, through counsel Brandan S. Leary, Assistant Federal Public Defender, filed the instant § 2255 motion. Def.'s Mot. to Vacate Setence, ECF No. 150. There, Petitioner argues that he should no longer be considered a career offender in light of Johnson v. United States, 135 S. Ct. 2551 (2015), which held that the "residual clause" of the Armed Career Criminal Act ("ACCA"), defining a "violent felony," was unconstitutionally vague. ECF No. 150 at 2–3. Although his sentence was not enhanced under the ACCA, Petitioner argues that Johnson renders his career offender status unlawful because it was based on the residual clause of U.S.S.G. § 4B1.2(a)(2), which uses the same language as the ACCA's invalidated residual clause. ECF No. 150 at 2–3. In addition, Petitioner argues that his motion is timely because he filed it within one year after the Supreme Court's decision in Johnson, which announced a new rule of constitutional law that applies retroactively. Id. at 3.

In response, the Government argues that Petitioner's motion should be denied for four reasons. See generally Gov't Resp. to Order to Show Cause, ECF No. 163 at 2. First, it argues that Petitioner was properly sentenced as a career offender because he has three valid predicate offenses under the "force clause" of U.S.S.G. § 4B1.2(a)(1). Id. at 6–10. Second, it argues that Petitioner waived his right to appeal his sentence in his plea agreement. Id. at 11. Third, it argues that Petitioner's motion is untimely because it was not filed within a year of his judgment becoming final and his motion relies on a right not yet recognized by the Supreme Court. Id. at 12–13. And fourth, it argues that

any application of Johnson to the mandatory Sentencing Guidelines would not apply retroactively under Teague v. Lane, 489 U.S. 288 (1989). Id. at 13–16.

The undersigned addresses below only the Government's third argument that Petitioner's motion is not timely, which is dispositive.

### III.     DISCUSSION

"Normally, for a motion to be timely under § 2255(f), a petitioner must file for relief within one year of the date that his judgment of conviction becomes final." United States v. Brown, 868 F.3d 297, 301 (4th Cir. 2017) (citing 28 U.S.C. § 2255(f)(1); Clay v. United States, 537 U.S. 522, 525 (2003)).

> However, under § 2255(f)(3), courts will consider a petitioner's motion timely if (1) he relies on a right recognized by the Supreme Court after his judgment became final, (2) he files a motion within one year from "the date on which the right asserted was initially recognized by the Supreme Court," 28 U.S.C. § 2255(f)(3), and (3) the Supreme Court or this court has made the right retroactively applicable.

Id. (citing Dodd v. United States, 545 U.S. 353, 358–59 (2005); United States v. Mathur, 685 F.3d 396, 397–98 (4th Cir. 2012); United States v. Thomas, 627 F.3d 534, 536–37 (4th Cir. 2010)). "[O]nly the Supreme Court can recognize a new right under § 2255(f)(3)." Id. (citing Dodd, 545 U.S. at 357–59; Mathur, 685 F.3d at 399–401). Consequently, for Petitioner's motion to be timely, he must rely on a right that has been "recognized" by the Supreme Court. Id.

Here, Petitioner acknowledges that this is his first § 2255 motion, which means it is not timely under § 2255(f)(1). ECF No. 150 at 3. Instead, Petitioner claims that his motion is timely under § 2255(f)(3) because it was filed within one year of the Supreme Court's decision in Johnson, which recognized a new right, on which he relies, that

3

applies retroactively to cases on collateral review. Id. at 2–3. Conversely, the Government argues that Petitioner's motion is not timely because the right on which he relies has not yet been recognized by the Supreme Court. ECF No. 163 at 12–13. The undersigned agrees.

In United States v. Brown, the United States Court of Appeals for the Fourth Circuit considered whether the Supreme Court's decision in Johnson, which held that the residual clause of the ACCA was unconstitutionally vague, applied to the residual clause of the mandatory Sentencing Guidelines. 868 F.3d at 298–99. There, the Fourth Circuit concluded that it did not because Johnson only discussed the ACCA, not the Sentencing Guidelines (mandatory or otherwise). Id. at 302. In fact, the Fourth Circuit recognized that the Supreme Court expressly left that question open in Beckles v. United States, 137 S. Ct. 886 (2017). Id. at 302–03. In Beckles, the Supreme Court concluded that the *advisory* sentencing guidelines were not amendable to vagueness challenges. 137 S. Ct. at 895. And there, Justice Sotomayor (concurring in the majority's judgment) explained that:

> The Court's adherence to the formalistic distinction between mandatory and advisory rules at least leaves open the question whether defendants sentenced to terms of imprisonment before our decision in United States v. Booker, 543 U.S. 220 (2005)—that is, during the period in which the Guidelines did "fix the permissible range of sentences"—may mount vagueness attacks on their sentences. That question is not presented by this case and I, like the majority, take no position on its appropriate resolution.

Id. at 903 n.4 (emphasis added) (cleaned up).

Because the Supreme Court has not yet addressed whether the residual clause of the mandatory Sentencing Guidelines is unconstitutionally vague, then the right on

which Petitioner relies on, here, has not yet been "recognized" for purposes of § 2255(f)(3). And because Petitioner's right has not yet been recognized by the Supreme Court, his motion under § 2255 is untimely. Accordingly, it must be dismissed.[2]

## IV. RECOMMENDATION

For the foregoing reasons, I find that Petitioner's motion is untimely. Accordingly, I **RECOMMEND** that Petitioner's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 [Civil Action No. 5:17-CV-98, ECF No. 1; Criminal Action No. 5:98-CR-11, ECF No. 150] be **DENIED** and **DISMISSED WITH PREJUDICE**. Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file written objections identifying the portions of the Report and Recommendation to which objections are made and the basis for such objections with the Clerk of the Court. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. See 28 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845-48 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); see also Thomas v. Arn, 474 U.S. 140, 155 (1985).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of

---

[2] Because Petitioner's motion is dismissed as untimely, the questions of whether Petitioner waived his right to file a § 2255 motion and whether he has three predicate offenses under the "force clause" under § 4B1.2(a)(1) of the Sentencing Guidelines remain.

West Virginia. Further, because this Report and Recommendation completes the referral from the District Court, the Clerk is directed to terminate the Magistrate Judge association with this case.

    Respectfully submitted this 26th day of April, 2018.

ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE